# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *  *  *
DOUG PALUCK and RHONDA          *
PALUCK as parents and natural   *    No. 07-889V
guardians, on behalf of their minor   *    Special Master Christian J. Moran
son, KARL PALUCK,               *
                                *
            Petitioner,         *    Filed: January 8, 2016
                                *
v.                              *
                                *    Attorneys' fees and costs; award
SECRETARY OF HEALTH             *    in the amount to which
AND HUMAN SERVICES,             *    respondent does not object; appellate
                                *    work.
            Respondent.         *
* * * * * * * * * * * * * * * * * * *  *  *
```

Sheila A. Bjorklund, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioners;
Alexis B Babcock, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On December 29, 2015, after informal discussions, the parties filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. The Court awards this amount to which respondent does not object.

On December 21, 2007, Doug and Rhonda Paluck filed a petition for compensation, on behalf of their minor son, Karl Paluck ("Karl"), alleging that various vaccines, which Karl received shortly after reaching one year of age, caused him to suffer a mitochondrial problem and, alternatively, that one or more of these vaccines significantly aggravated Karl's preexisting, yet previously unidentified, mitochondrial disorder. Petitioners received compensation based

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

upon a proffer.  <u>Decision</u>, issued Aug. 4, 2015.  Because petitioners received compensation, they are entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).

Petitioners first received an award for attorneys' fees and costs on an interim basis in the amount of $140, 878, on March 30, 2011.  2012 WL 5504189.  A second interim fee decision awarding $107,703.90 in attorneys' fees and costs on an interim basis was issued on October 23, 2012.  2012 WL 5504189.  A third decision awarding attorneys' fees and costs was issued on February 27, 2015.  2015 WL 1541643.

After informal discussions, petitioners filed a stipulation seeking a total of **$48,000.00** in final attorneys' fees and costs for their counsel.  This work primarily concerns the Federal Circuit appeal.  The petitioners' attorney also spent some additional time updating materials concerning the amount and form of the damages award.  Additionally, in compliance with General Order No. 9, petitioners state that they did not incur any in out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $48,000.00 in the form of a check made payable to petitioners and petitioners' attorney, Sheila A. Bjorklund, of Lommen Abdo Law Firm, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6353.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

2